IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAMEON J. FLOORE,

Defendant.                                          No. 09-CR-30191-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant's motion to reduce crack sentence pursuant to 18 U.S.C. § 3582(c) and *Dorsey v. United States*, 132 S.Ct. 2321 (2012) (Docs. 50 & 54).[1] The government agrees that defendant is entitled to relief under *Dorsey* but maintains that section 3582(c) does not authorize such relief (Docs. 57 & 58). After reviewing the pleadings submitted by the parties, the Court agrees with the government, denies for lack of jurisdiction defendant's motions and finds that defendant should have filed the motion pursuant to 28 U.S.C. § 2255.

---

[1] On November 14, 2011, defendant sent a letter to the Court which the Court construed as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) under the retroactive crack cocaine guidelines (Doc. 50). Pursuant to the Court's Administrative Order 137, the Court appointed the Federal Public Defender for the Southern District of Illinois to represent defendant regarding the motion (Doc. 51).

As to the proper vehicle for relief, the Court finds that District Judge DuBose's reasoning reconsidering her previous decision to grant a defendant relief under 3582(c)(2) and re-characterizing the motion as § 2255 petition in *United States v. Yates*, 2012 WL 3206689 *1-2 (S.D. Alabama, August 8, 2012) convinces the Court that § 3582(c)(2) does not authorize relief for defendant in this situation. *See also Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010)(explaining that a proceeding under Section 3582(c)(2) is a limited action permitting "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."). The proper vehicle to grant defendant such relief is a petition pursuant to 28 U.S.C. § 2255 petition.[2]

Thus, the Court **ADVISES** defendant of its intent to re-characterize his motion as one filed pursuant to § 2255. The record reveals that defendant has not filed a 28 U.S.C. § 2255 petition. Therefore, the Court **ADVISES** defendant to examine *Castro v. United States*, 540 U.S. 375 (2003)(Supreme Court held that unless the district judge has warned the prisoner that a motion will be treated as a collateral attack, and offered the opportunity to withdraw it or add any other issues that would be included with a motion under § 2255 the motion does not count as the one collateral attack allowed to each prisoner) and *Melton v. United States*, 359 F.3d 885 (7th Cir. 2004) (Re-characterizing a prisoner's *initial* post-judgment motion as a collateral attack

---

[2]On August 9, 2012, this Court granted a defendant relief under 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act and *Dorsey*. *See United States v. Price*, 08-30179 (Doc.74). The Court reverses the portion of the Order utilizing 18 U.S.C. § 3582(c)(2) as improper. The Court notes that despite utilizing 18 U.S.C. § 3582(c)(2) in reducing Price's sentence, the calculation of Price's sentence reduction was correct.

subject to § 2255 has a potential to surprise a legal novice who may think that the motion does not jeopardize the right to one complete round of collateral review).

Further, defendant is **CAUTIONED** that such re-characterization renders the instant motion and any subsequent § 2255 motion filed with this Court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, defendant is **CAUTIONED** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.

In further compliance with the requirements of *Castro,* it is **ORDERED** that on or before Thursday, September 13, 2012, defendant shall advise this court whether he seeks to do one of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on the claim presented in his motion and waive his right to be present at resentencing;

2. Proceed before this Court pursuant to 28 U.S.C. § 2255 on the claim presented in his motion without waiving his right to be present at resentencing;

3. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the convictions and sentences imposed upon him by this Court; or

4. Withdraw his motion.

Defendant is **FURTHER CAUTIONED** that if he fails to advise the Court that he wishes to do one of the above, this cause shall proceed as an action under 28

U.S.C. § 2255, with the Court considering only the claim presented in the original motion.

**IT IS SO ORDERED**.

Signed this 30th day of August, 2012.

David R. Herndon
2012.08.30
14:02:27 -05'00'

**Chief Judge**

**United States District Judge**