IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAMEON J. FLOORE,

Defendant.                                              No. 09-CR-30191-DRH

**ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is Floore's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 54). Specifically, defendant moves the Court to correct his sentence pursuant to the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (the "Act") and *Dorsey v. United States*, 132 S.Ct. 2321 (2012). Defendant request that the Court sentence him to 37 months imprisonment. The government agrees that Floore is entitled to a reduction based on *Dorsey*. Based on the following, the Court grants defendant's 28 U.S.C. § 2255 petition.

On August 13, 2012, defendant by and through counsel, Ethan Skaggs filed a motion to reduce crack sentence pursuant to 18 U.S.C. § 3582(c) and *Dorsey* (Doc. 54). On August 30, 2012, the Court denied the motion for lack of jurisdiction and advised defendant of the Court's intent to re-characterize the motion as one pursuant to 28 U.S.C. § 2255 (Doc. 59). The Court also advised defendant of *Castro v. United States*, 540 U.S. 375 (2003) and allowed defendant up to and including September

13, 2012 to inform the Court how he wished to proceed.  On September 12, 2012, defendant filed a notice informing the Court that he desired to proceed pursuant to 28 U.S.C. § 2255 on the claim presented in his motion and that he wished to waive his right to be present at resentencing (Doc. 60).

On April 22, 2010, defendant pled guilty to one count of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On September 24, 2010, the Court sentenced defendant to 60 months; a 4-year term of supervised release; a $500 fine and a $100 special assessment (Docs. 43 & 46). In rendering the sentence, the Court adopted the findings of defendant's presentence investigation report ("PSR") (Doc. 42).

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255.  More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."  *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Congress enacted the FSA on August 3, 2010.  The FSA sought to reduce the disparity between federal criminal penalties for crack cocaine and powder cocaine offenses by increasing the drug quantities necessary to trigger the statutory

minimums. On June 12, 2012, the United States Supreme Court held that the FSA's new mandatory minimum sentencing provisions applied to all sentencings on or after August 3, 2010, regardless of when the offense conduct took place. *See Dorsey*, 132 U.S. 2321 (2012).

Here, the FSA applies to Floore who was sentenced after the FSA's enactment. The crack cocaine quantity to which Floore is accountable fails to trigger a post-FSA statutory minimum. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006 & Supp. V 2011)(prescribing no mandatory minimum for offenses involving less than 28 grams of crack cocaine). Floore's relevant conduct was determined to be 23.6 grams of crack cocaine. Thus, defendant is entitled to relief and the sentence previously imposed is hereby **VACATED**.

Based on defendant's relevant conduct of 23.6 grams of crack cocaine, the following are the revised statutory penalties: Not more than 20 years; at least 3 years supervised released; not more than $1,000,000.00 fine; a $100.00 special assessment and a Class C felony. Further, his total offense level is 21 and his Criminal History Category is I. The Guideline range is 37 to 46 months utilizing the 2011 guideline manual ( base offense level is 24, -3 levels for acceptance of responsibility); at least 3 years supervised release; a fine range of $7,500.00 to $1,000,000.00 and $100.00 special assessment. As defendant has waived his right to appear for a resentencing hearing, the Court, as it did in the original sentencing hearing, finds after consideration of the factors set forth in 18 U.S.C. § 3553(a), that a sentence at the low-end of the advisory guideline range addresses the seriousness

of the offense and the sentencing objectives of punishment, deterrence, and incapacitation. Therefore, the Court **RESENTENCES** defendant to 37 months imprisonment.

Accordingly, the Court **GRANTS** Floore's 28 U.S.C. § 2255 petition (Doc. 54). The Court **RESENTENCES** Floore to 37 months imprisonment, 3 years supervised release, a $500.00 fine and a $100.00 special assessment. All other conditions remain the same. The Court **DIRECTS** the Clerk of the Court to enter an amended judgment reflecting the same.

**IT IS SO ORDERED**.

Signed this 3rd day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.03 09:58:02 -05'00'

**Chief Judge**
**United States District Judge**